UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VIRTEXCO CORPORATION,

    Plaintiff,

v.                                       Civil Action No. 2:25-cv-293

OLD DOMINION MECHANICAL, LLC,

    and

WEST BEND INSURANCE COMPANY,

    Defendants.

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND OPPOSITION TO WEST BEND INSURANCE COMPANY'S MOTION TO REALIGN THE PARTIES**

Plaintiff Virtexco Corporation ("Virtexco") moves this Court to deny West Bend Insurance Company's motion to realign Defendant Old Dominion Mechanical, LLC ("Old Dominion") as a plaintiff and remand this case to state court, as complete diversity between the parties does not exist to enable federal courts to exercise jurisdiction over this matter. This is primarily a contract dispute between Virtexco and Old Dominion where Old Dominion's insurer, West Bend, faces liability for some of the damages caused by Old Dominion's breach. Virtexco and Old Dominion have antagonistic positions in this litigation that prohibit "aligning" them as plaintiffs. Remand to state court is appropriate.

**BACKGROUND**

This suit is not an "insurance coverage dispute." Def.'s Mem. in Supp. at 1. On March 23, 2020, the Commonwealth of Virginia Department of General Services contracted Plaintiff Virtexco to perform work on three historic rowhouses in Richmond, Va. Compl. ¶ 4. Virtexco then signed a subcontract with Defendant Old Dominion Mechanical to provide HVAC and plumbing services to

1

the project. *Id.* ¶ 5. Under the subcontract, Old Dominion provided Virtexco a certificate of liability insurance for the project: naming Defendant West Bend as its insurer and Virtexco as an additional insured under its commercial general liability policy. *Id.* ¶ 7.

Old Dominion and West Bend failed to uphold their contractual obligations. On January 31, 2023, Virtexco terminated Old Dominion for default after Old Dominion failed to pass mechanical pressure tests on the third and fourth floors of the mechanical system it had installed. *Id.* ¶ 11. Old Dominion failed to use the correct and adequately sized piping and made other installation errors—resulting in leaks, contamination by debris and other materials during testing, and delayed the completion of the project. *Id.* ¶ 13. Old Dominion's deficient and defective work forced Virtexco to remove and replace the entire HVAC system, which necessitated demolition and replacement of ceilings, chase walls, and bulkheads. *Id.* ¶ 14. Virtexco filed suit against Old Dominion to recover for the over $4 million incurred and suffered damages as a direct and proximate cause of Old Dominion's material breach of contract. *See id.* ¶ 15. Virtexco also filed suit against West Bend because it ignored its obligations under the subcontract and failed to make payment to Virtexco for the damages incurred resulting from Old Dominion's defective work. *Id.* ¶¶ 27–28.

West Bend is now attempting to improperly remove this case from Circuit Court for the City of Norfolk to the United States District Court for the Eastern District of Virginia. Notice of Removal ¶ 16. However, as it stands and West Bend admits, complete diversity among the parties does not exist. Def.'s Mem. in Supp. at 2 ("As originally filed, the case lacks diversity."). Virtexco is a Virginia corporation and Old Dominion is a Virginia limited liability company. *Id.* West Bend, however, argues that Old Dominion should be realigned as "plaintiffs" — alongside Virtexco who seeks breach of contract damages from it — in order for West Bend to justify a farcical result of complete diversity. Def.'s Mem. in Supp. at 2–3. This Court should deny West Bend's motion,

2

remand this case to state court, and award Virtexco its costs, including attorney fees as provided by statute.

## ARGUMENT

The removing party, West Bend, has the burden of establishing that the requirements of removal are met. *See In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). One of the requirements of removal is that any removed action must be subject to the original jurisdiction of the district court. 28 U.S.C. § 1441(a). Because West Bend removed under the diversity statute, 28 U.S.C. § 1332, it must show that (1) the amount in controversy exceeds $75,000, and (2) "complete" diversity exists among the parties. *Id.* § 1332(a); *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

A court may realign parties even when the action is not diverse at the point of removal. *Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1223 (E.D. Va. 2011) ("[I]t is settled that where, as here, there is no diversity of citizenship based on the initial alignment of the parties in an action commenced in state court, a defendant may nonetheless remove the case to federal court and request realignment of the parties to produce the requisite diversity."). The Court has the duty "to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941) (quotation marks omitted).

This court has the jurisdiction to remand the case to state court, [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447 (c). An order of remand may require of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Id.*

I.   **The Principal Purpose of This Dispute is Not Purely One of Insurance-Policy Interpretation**

3

To determine whether to realign parties, the Fourth Circuit applies the "principal purpose" test. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 337 (4th Cir. 2008). "First, the court must determine the primary issue in controversy, and then [] align the parties according to their positions with respect to the primary issue." *Id.* The Fourth Circuit further clarified that "the determination of the 'primary and controlling matter in dispute' . . . is to be determined by plaintiff's principal purpose for filing its suit." *Id.* (quoting *Zurn Indus., Inc. v. Acton Constr. Co.*, 847 F.2d 234, 237 (5th Cir. 1988)).

West Bend incorrectly conflates a "primary issue in a controversy" with a preliminary one. West Bend argues that because Virtexco's breach of contract action cannot survive without first "establishing coverage" that the "principal purpose of this action should be seen as seeking to establish entitlement to recovery under West Bend's policy." Def.'s Mem. in Supp. at 3. This interpretation is wrong for two reasons. First, regardless of coverage by West Bend, Old Dominion failed to complete its duties under the subcontract with Virtexco and can still be found liable for the over $4 million worth of damage caused for that breach of contract. These facts show that Virtexco's claim is a "fact-intensive dispute about the degree to which any of these parties bears responsibility" for the allegations in the Complaint. *Virginia Beach Racquet Club N. Assocs., L.P. v. Travelers Indem. Co. of Conn.*, No. 2:11-cv-447, 2012 WL 32435, at *2 (E.D. Va. Jan. 5, 2012).

Second, the primary purpose of Virtexco's action is "not purely one of insurance-policy interpretation or the determination of rights and obligations under the Policy, as [West Bend] suggest[s], but rather is . . . a misrepresentation regarding the Policy, followed by a wrongful denial of benefits owed." *Germond v. Maksin Mgmt. Corp.*, No. 4:14-cv-02099, 2014 WL 12774953, *6 (D.S.C., Oct. 15, 2014). Old Dominion entered into a subcontract with Virtexco.

4

Compl. ¶ 7. As part of its obligations under that subcontract, Old Dominion "provided to Virtexco a certificate of liability insurance for the Project." *Id.* Old Dominion then breached its subcontract when it was unable to successfully perform its work, delaying the project and damaging the work on the project causing Virtexco to incur significant damages.

Old Dominion's interests and Virtexco's interests are antagonistic and should be resolved by the pleadings—not realignment. *See Fidelity & Guar Co. v. A&S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995). It is in Old Dominion's opposes Virtexco's breach of contract claim, denying all liability for breach of contract. Answer, Dkt #7, ¶¶ 18–23 (denying all breach of contract allegations). Old Dominion joining Virtexco as a Plaintiff and pursuing a coverage determination against West Bend would be contrary to its filed position in this matter, and instead a concession of liability on the breach of contract allegations. Instead of denying liability, Old Dominion would be forced to admit that it was liable and plead to the Court that West Bend promised to cover that liability. An actual controversy exists regarding whether Old Dominion breached its subcontract obligations to Virtexco—and that is the primary issue in dispute in this litigation.

In addition to the damages caused by Old Dominion's material breach of its subcontract obligations, Virtexco was also harmed by West Bend's "failure and refusal to make payment to Virtexco under the Policy for damages it has incurred as a result of [Old Dominion]'s defective work." *See* Compl. ¶¶ 20–21, 28. The two defendants breached their separate contractual obligations. "It is undisputed that [Virtexco]'s coverage under this policy is part of this litigation; however, it is not the foremost issue upon which this case focuses." *Virginia Beach Racquet Club N. Assocs., L.P.*, 2012 WL 32435, at *2. Old Dominion even denies that the allegations of fact giving rise to an insurance obligation of West Bend. Answer, Dkt #7, ¶¶ 26-23 (denying an

5

occurrence and damages under the policy). Old Dominion's Answer demonstrates that its position on even Count 2 is in alignment with its insurer, West Bend – not Virtexco's.

Further, the damages pleaded in Counts 1 and 2 do not overlap. The damages in Count 1 relate to Old Dominion's breach of contract by its failure to correctly and timely complete its work. *See* Compl. ¶ 20–22. For example, the cost Virtexco incurred to hire a replacement mechanical subcontractor and consultants to test, remove and replace Old Dominion's work, are all a part of those breach of contract damages. The subcontract also provides a specific basis for the recovery of attorneys' fees and costs. *See* Compl. ¶ 23.

By contrast, Count 2 is limited to the damage Old Dominion's work and delays caused to other portions of the project for which insurance coverage should exist. The Complaint specifically differentiates the damages sought in this count from those in Count 1 as only "including other than ODM's work or work already installed and paid by the Owner" as occurrences under the insurance policy. *See* Compl. ¶ 26.  Such damages include, for example, the cost to tear down walls and to replace work damaged by Old Dominion's testing, but not the entirety of Old Dominion's work. Virtexco is entitled to statutory remedies if West Bend's failure to make payment was an act not in good faith. *See* Compl. ¶ 29. The "wrongful denial of benefits owed" is the focus of Virtexco's second claim. *See Germond*, 2014 WL 12774953, at *6. But, regardless of whether coverage exists under the West Bend policy, Virtexco and Old Dominion are still adverse under Count 1.

Aligning the parties with respect to the primary issue in controversy, Old Dominion has a collision of interests with Virtexco.  Notwithstanding any liability determination respecting West Bend, Old Dominion is liable to Virtexco for its deficient work product. Both West Bend and Old Dominion are aligned in their responses to the Complaint with regards to both counts of the

6

complaint, and therefore, realignment is improper.

## II.    West Bend Failed to Allege Jurisdictional Gamesmanship in an Effort to Fraudulently Fabricate Diversity Jurisdiction

An additional reason why this Court should deny West Bend's motion to realign the parties to establish diversity jurisdiction is that the record lacks any arguments as to the presence of any jurisdictional gamesmanship in an effort to fraudulently fabricate diversity jurisdiction. *See Jackson v. Home Depot U.S.A, Inc.*, 880 F.3d 165, 172 (4th Cir. 2018). "Realignment ensures that parties do not artfully draft pleadings in order to escape "the mandate that courts carefully confine their diversity jurisdiction to the precise limits that the jurisdictional statute, pursuant to Article III, has defined." *Id.* (quoting *Fidelity & Guar Co.*, 48 F.3d at133).

Virtexco's adversity to Old Dominion does not suggest an artful attempt to escape diversity, but instead the common-sense adverse relationship of the parties. The prohibition of fraudulent joinder can be used here as a comparator.

> To establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either:
>
>> That there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or
>>
>> That there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original) (alterations accepted) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545,549 (5th Cir. 1981)).

West Bend failed to meet its high burden. Virtexco and Old Dominion have substantive issues of material fact surrounding liability for Old Dominion's improper and incomplete work. These substantive issues can and have been raised in state court. Thus, the first prong is defeated. As for the second prong, this is not a situation where Virtexco had no reason to name Old

Dominion as a defendant rather than a plaintiff. Nor does West Bend make any attempt to claim that Virtexco made a fraudulent pleading of jurisdictional facts. "In its rush to claim applicability of the principal purpose test, [West Bend] ignores the reason realignment exists at all." *Jackson v. Home Depot U.S.A, Inc.*, 880 F.3d 165, 172 (4th Cir. 2018). Without a "compelling reason to apply principles of realignment outside their traditional domain," this Court should not entertain West Bend's motion to realign the parties. *Id.* at 172–173.

\*\*\*

In short, realignment of Old Dominion in this action is improper because: 1) the primary purpose Virtexco's suit is Old Dominion's breach of its contractual obligations on this project, and not purely one of insurance-policy interpretation or the determination of rights and obligations under the Policy; 2) aligning the parties accordingly does not make Old Dominion a plaintiff because Old Dominion's interests are directly adverse to Virtexco's; and 3) West Bend failed to allege jurisdictional gamesmanship in an attempt to manufacture diversity jurisdiction.

### III.    This Court Should Grant Virtexco's Motion to Remand

When one of the defendants in a proceeding is a citizen of the forum state, removal is not appropriate. 28 U.S.C. § 1441(b). Virtexco is a citizen of the Commonwealth of Virginia. Old Dominion is a citizen of the Commonwealth of Virginia. They are adverse in the principal issue in this litigation—whether Old Dominion breached its obligations to Virtexco. As such, remand is appropriate. West Bend seeks to circumvent this rule with its arguments in support of realignment that would have this court ignore the common-sense adverse relationship between Virtexco and Old Dominion.

This court lacks subject matter jurisdiction because of the lack of diversity, and remand is appropriate. 28 U.S.C. § 1447 (c). Virtexco has had to incur unnecessary cost and expense in responding to a motion that is contrary to common-sense and the pleadings announcing the

8

position of the parties in this matter. The court should award the payment of costs to Virtexco, including attorney fees, incurred as a result of the removal as provided by statute.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny West Bend's motion to realign the parties. Because this case lacks complete diversity and should be remanded to state court, and Virtexco awarded its costs, including attorney fees, incurred as a result of West Bend's removal.

Respectfully submitted,

VIRTEXCO CORPORATION

By: */s/ James R. Harvey, III*
James R. Harvey, III, Esq. (VSB No. 40726)
Jennifer Eaton, Esq. (VSB No. 87491)
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main Street, Suite 500
Norfolk, VA 23510
Telephone: (757) 446-8600
Facsimile: (757) 446-8670
Email: James.Harvey@woodsrogers.com
          Jennifer.Eaton@woodsrogers.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of June, 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

Danny M. Howell
Jennifer L. Rowlett
Davina A. Anderson
Howell & Rowlett PLLC
8230 Leesburg Pike, 6861 Suite 640
Vienna, VA 22182
Email: danny@dmhowellfirm.com
Email: jennifer@dmhowellfirm.com
Email: davina@dmhowellfirm.com
*Counsel for Defendant, West Bend Insurance Company*

Erica C. Piotrowski
Charles Y. Sipe
KIERNAN TREBACH LLP
2400 Beaufont Springs Drive, Suite 200
Email: csipe@kiernantrebach.com
Email: epiotrowski@kiernantrebach.com
*Counsel for Defendant, Old Dominion*


<u>/s/ James R. Harvey, III</u>